Eastern District of Kentucky
FILED
JUL 06 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 0:23-CR-12-DLB-EBA

ERIC L. NANTELL

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

<u>General Allegations</u>

At all times relevant to this Information:

1. The Eastern Kentucky Correctional Complex ("EKCC"), located in West Liberty, Kentucky, was a state prison operated by the Kentucky Department of Corrections ("DOC"). Located on the jail facility's grounds were Dorm 3, a general housing unit, and Dorm 5, a restrictive housing unit. The A-Lower wing of Dorm 5 contained several one-person shower cells. EKCC did not have security cameras in the Dorm 5 shower cells.

2. The Defendant, ERIC L. NANTELL, and Officers R.D., J.H., and J.B. were employed by DOC and worked as Correctional Officers ("COs") at EKCC. Nantell held the rank of sergeant and served as a supervisory CO at the facility.

3. M.M. was an inmate housed at EKCC.

4.      The Kentucky State Police ("KSP") was a state law enforcement agency responsible for, among other things, investigating the assault of prisoners in the care of DOC.

5.      Internal Affairs was an EKCC investigative unit responsible for, among other things, investigating violations of policy or law by employees of EKCC, and DOC Officers R.D. and J.B. were members of EKCC's Internal Affairs Unit.

6.      Each of these allegations is hereby referenced and incorporated into each count of this Information.

## COUNT 1
## 18 U.S.C. § 242

On or about July 24, 2018, in Morgan County, in the Eastern District of Kentucky,

**ERIC L. NANTELL,**

while acting under color of law as a correctional officer employed by the EKCC, willfully deprived M.M. of the right, protected and secured by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, after Officers R.D., J.H., and J.B. carried M.M. into a Dorm 5 shower cell, Nantell's fellow corrections officers assaulted M.M. while he was prone, handcuffed, and leg-shackled. Defendant Nantell failed to intervene to protect M.M. from being assaulted despite having had the means and opportunity to do so. This offense resulted in bodily injury to M.M. and involved the use of dangerous weapons (shod feet).

All in violation of 18. U.S.C. § 242.

## COUNT 2
## 18 U.S.C. § 1512(b)(3)

On or about July 24, 2018, in Morgan County, in the Eastern District of Kentucky,

### ERIC L. NANTELL

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense. Specifically, when an EKCC supervisor asked Nantell if he had seen anyone use excessive force on M.M. or injure him while he was in the Dorm 5 shower cell, Nantell knowingly misled his fellow supervisor by claiming that he had not seen any other COs use excessive force or injure M.M in the shower. Nantell's statements were misleading because, as he then well knew, he had witnessed his fellow corrections officers assault M.M. as alleged in Count 1.

All in violation of Title 18, United States Code, § 1512(b)(3).

## COUNT 3
## 18 U.S.C. § 1512(b)(3)

On or about July 25, 2018, in Morgan County, in the Eastern District of Kentucky,

### ERIC L. NANTELL

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense. Specifically, when a KSP detective asked Nantell for information about what happened to M.M.,

Nantell knowingly misled the detective by (1) suggesting that M.M.'s injuries were caused when he was placed on the ground; and (2) claiming that he did not see anything happen to M.M. or know of any information that would assist the detective's investigation. Nantell's statements were misleading because, as he then well knew, he had witnessed his fellow corrections officers assault M.M. as alleged in Count 1.

All in violation of Title 18, United States Code, § 1512(b)(3).

## COUNT 4
## 18 U.S.C. § 1001(a)(2)

On or about July 9, 2019, in Morgan County, in the Eastern District of Kentucky,

### ERIC L. NANTELL

knowingly and willfully made materially false statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the executive branch of the United States, when he told an FBI agent investigating the assault of M.M. that he had not seen or heard M.M. being assaulted in the Dorm 5 shower cell. In truth and in fact, as he then well knew, the defendant had seen and heard M.M. being assaulted in the Dorm 5 shower cell.

All in violation of Title 18, United States Code, § 1001(a)(2).

**A TRUE BILL**

FOREPERSON

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# PENALTIES

**Count 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**Counts 2 – 3:** For each count, not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**Count 4:** Nor more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.